MRS. E. O. STARKS, Respondent, v. R. C. SPRINGGATE, Appellant.

(L.R.A.1918D, 728, 167 N. W. 221.)

**Broker — listing of property with — for sale — specified time and terms — definite commissions — owner of property — may sell through other agents — during such specified time — is liable to former agent — for commissions — purchaser procured by — during said time.**

1. Where the owner of property lists the same for sale with a broker for a definite period of time upon specified terms, and definite commission for making such sale by such broker is specified, the owner of the property may during the period of time specified in the agency contract and sell the property through other agents, but cannot do so and relieve himself from liability to pay the agent who had the property listed for a certain time his commission as specified, where such agent, with no notice of any sale by another agent, and within the time, produces a person ready, able, and willing to buy the property upon the terms stated in the agency contract.

**Instructions of court — jury — harmless error.**

2. The instructions of the court examined, and *held* that if such instructions contain any error, such error is harmless.

Opinion filed March 1, 1918.

Appeal from the District Court of Hettinger County, Honorable *W. C. Crawford,* Judge.

Affirmed.

*V. H. Crane,* for appellant.

A contract of employment does not give the broker an exclusive agency, or an exclusive right to negotiate the particular transaction, unless it is so specified, either expressly or by implication.  9 C. J. 623; 19 Cyc. 264 (lx.) ; Head-Berry Co. v. Bannister, 153 Pac. 669; Henning v. Parson, 61 S. E. 866; Hammond v. Mau, 40 L.R.A. 1142; Blumenthal v. Bridges, 24 L.R.A.(N.S.) 279.

The mere listing of lands with a broker for sale purposes is not an

Note.—On the question of liability of owner upon revoking authority of real estate broker employed for a definite period, see notes in 38 L.R.A.(N.S.) 366, and L.R.A.1918D, 731; On broker's right to make sale of property exclusive of owner's right, see notes in 24 L.R.A.(N.S.) 279 and 40 L.R.A.(N.S.) 1142.

exclusive agreement that the agency shall continue for the specified time. 40 L.R.A.(N.S.) 1142 and text and notes; Talbott v. Matt Realty Co. 109 Pa. 128; Milligan v. Owen, 98 N. W. 792; Bryant v. Palmer, 171 Ill. App. 213; Johnson Bros. v. Wright, 99 N. W. 103; 9 C. J. 622.

It is only where an exclusive agency is granted upon sufficient consideration or it is plainly the intent of the parties that the agency shall be exclusive, that the principal is liable where he makes the sale on his own account. Hammond v. Mau, 40 L.R.A.(N.S.) 1142; Johnson Bros. v. Wright, 99 N. W. 103; Bears v. Hyland, 67 N. E. 1148; Wallace v. Figone, 61 S. W. 492; White v. Benton, 96 N. W. 876; Smith v. Preise, 136 N. W. 7; Dole v. Sherwood, 43 N. W. 569; Quist v. Goodfellow, 110 N. W. 65; 9 C. J. 522, note 17 (c); Ettinghoff v. Herewitz, 100 N. Y. Supp. 1002; Helling v. Darby, 79 Pac. 1073; Ahern v. Baker, 24 N. W. 341; McFarland v. Howell, 142 N. W. 860.

The owner may sell the land at any time and thereby terminate the agency of a broker given exclusive right to sell on specified terms, without incurring liability to the broker. 9 C. J. 622 note (a); Ingold v. Symons, 99 N. W. 713; Greene v. American Malting Co. 140 N. W. 1130; 19 Cyc. 233 g; Packing Co. v. Farmers Union, 55 Cal. 606; 44 L.R.A. 344 and cases cited.

Such an exclusive contract with the agent, which does not expressly negative the right of the owner to sell during such time, does not prevent the owner from selling in good faith, and the agent cannot recover commissions. Armstrong v. Wann, 29 Minn. 126; Ingold v. Symonds, 99 N. W. 712; McPike v. Siver, 150 N. W. 52; Michel v. Hoege, 160 N. W. 267.

It makes no difference whether the sale was made by the owner direct or through another agent. 9 C. J. 623; 19 Cyc. 264 (ix.); Henning v. Parsons, 61 S. E. 666; Johnson Bros. v. Wright, 99 N. W. 103; Goldsmith v. Cook, 14 N. Y. Supp. 878; Lux v. Nogl, 123 Pac. 949; note in 29 L.R.A.(N.S.) 985; note in 40 L.R.A.(N.S.) 1143; Ingold v. Symons, 99 N. W. 713; Greene v. American Malting Co. 140 N. W. 1130; note in 44 L.R.A. 337.

The theory of the case prevailing in the trial court is binding on all parties, as well as the court, and cannot be changed after trial, for

appeal or other purposes. Movius v. Proper, 23 N. D. 452; Peterson v. Coulan, 18 N. D. 205; Lynn v. Seby, 29 N. D. 420; Harris v. Van Vranken (N. D.) 155 N. W. 65.

The action is for commissions earned, and not for damages because of the owner's lapse from his agreement in other respects. Cukbert v. McCullough, 125 N. W. 173; Knudson & Richardson v. Laurent, 149 N. W. 392; Hallstead v. Ferring, 126 N. W. 1078; Goldman v. Weisman, 143 N. W. 933.

*Jacobsen & Murray,* for respondent.

An exclusive agency prohibits the principal from selling through another agent; such exclusive right prohibits him from selling the land himself. 9 C. J. 622.

Evidence not specified in the specifications of insufficiency cannot be considered by the court. Baumer v. French (N. D.) 79 N. W. 340; Jackson v. Ellertson, 15 N. D. 533.

These specifications are still necessary. The present law merely changes the time and manner in which they shall be served. Comp. Laws 1913, § 7058; King v. Lincoln (Mont.) 66 Pac. 836.

The agency here was an exclusive one for a specified time and upon specified terms, and could not be broken or abandoned by the principal—the landowner—until after such time. Comp. Laws 1913, § 6366, Cal. Civ. Code, 2356; Sill v. Ceschi, 140 Pac. 949; Laux v. Hogl (Mont.) 123 Pac. 949; Paulso v. Rourke (Colo.) 145 Pac. 711.

GRACE, J. Appeal from the district court of Hettinger county, Honorable W. C. Crawford, Judge.

Plaintiff maintains this action to recover commissions claimed to be due her for procuring a purchaser for a certain 160-acre tract of land owned by the defendant, situated in Hettinger county, North Dakota.

The facts are as follows: In 1915 plaintiff wrote the defendant, requesting his price and terms of sale of a certain 160-acre tract of land owned by the defendant, in Hettinger county, North Dakota. Defendant replied, stating price and terms, and also stating he made the same price and terms to other agents. Subsequently plaintiff wrote defendant, offering a purchaser who desired to make a trade for defendant's land, which offer defendant refused, but made some modification in his terms. Subsequently defendant again modified his terms of sale of

the land, and wrote plaintiff a letter wherein he stated he would allow her $1 per acre commission if she made the sale before November 1st. September 28, 1915, plaintiff wrote a letter notifying defendant that the purchaser would take the land on the terms as modified by the defendant. Between the date of the letter from the defendant wherein he modified the terms of the sale of said land and offering a commission of $1 per acre if the sale was made by November 1st, and the letter written by the plaintiff to the defendant that she had a buyer who accepted his terms of sale, defendant received a telegram from R. A. Grant, dated September 27th, offering to buy the land. A contract of sale of the land was entered into by Ethel Grant, wife of R. A. Grant, and the defendant on September 29th. The contract of sale was executed and acknowledged by the defendant on October 2d. It further appears that the defendant paid R. A. Grant a commission of $1.50 per acre for making such sale. Plaintiff first wrote to the defendant for price and terms on August 5, 1915. Defendant at Liberty, Missouri, August 16, 1915, answered this letter, and gave the terms of sale of such land as follows: $800 down and offered a commission of 50 cents per acre. August 6, 1915, at El Paso, Illinois, the defendant gave his price on the land as $25 per acre, $500 down November 1st, and the balance in five annual payments of equal amounts, interest at 6 per cent, with the privilege of paying the entire amount at any time given the purchaser. September 19, 1915, at Liberty, Missouri, defendant again wrote plaintiff, modifying the terms he had formerly given, in that the interest which would be owing at the time of the second payment or one fifth of the balance to be paid could be paid at the time of the third payment, which would be November 1, 1917, which would leave only $700 to pay November 1, 1916. It was in this letter the defendant stated that he would allow plaintiff $1 per acre commission if she made the sale by November 1st next. After that date the defendant stated that he would withdraw it from sale. The jury returned a verdict in plaintiff's favor for the full amount of her commissions of $160.

The appellant makes six assignments of error, and argues them under three different heads. One of the main assignments of error contains the following language: "The court erred in instructing the jury that the agency of the plaintiff was an exclusive agency." Another is:

"That the court erred in instructing the jury that the only issue in the case was whether or not plaintiff had procured a purchaser in good faith, and sold in good faith to the purchaser, able and willing to pay in accordance with the terms of the offer of sale." Another is: "That the court erred in denying the motion for judgment notwithstanding the verdict or a new trial."

All the assignments of error are considered by the appellant under three main heads as follows: First, was the agency of the plaintiff an exclusive agency? Second, if the agency was exclusive, can the agent recover her commissions if the sale was made in good faith through other agents, before notice of the acceptance of the terms by plaintiff's purchaser?"

If the agency is not exclusive, and sale is made by other agents within the period of listing, before the owner has notice of the acceptance of the terms by plaintiff's prospective purchaser, is the plaintiff entitled to her commissions?

If the first proposition of law is determined in plaintiff's favor, there is but little need of considering the other propositions, although we may analyze the other propositions in a conscise manner.

It is plain that the contract as to the terms upon which plaintiff was authorized to sell such land was not complete until the final letter that defendant wrote her, fixing the amount of her commissions limiting the time in which she might sell said land. Such letter reads as follows: "It occurred to me after writing you from Illinois that your prospective buyer for southeast of 21 would think the second payment of one-fifth balance and the interest added would be too much for him; if so, I would let the interest go until the third payment, which would be November 1, 1917, which would leave him only $700 to pay November, 1916. I will also allow you $1 per acre commission if you make this sale by November 1st, next. After that date I will withdraw it from sale. I will consider it a favor if you will answer this letter at once, as your reply will likely make some difference to me about renting for another year."

This is important as completing the terms upon which the land might be sold by the plaintiff, and the commission which she should receive in case of sale of the land, and the time in which she had authority to make such sale. It is clear that plaintiff had the right and

authority to make the sale of such land any time up to November 1st, and that she had all the time to November 1st in which to make the sale. It is also clear that she had made considerable effort to sell said land, and that she produced a purchaser able, ready, and willing to buy such land upon the terms finally agreed upon, and so notified the defendant by letter on September 20th. The plaintiff's authority and right to sell such land to November 1st was an exclusive agency, at least in one respect. Though the word 'exclusive' is not used in the letter, the language of the letter, which confers authority upon the plaintiff to sell said land up to November 1st, excluded the right of the defendant to sell the land through another agent, and by so doing defeat the right of plaintiff to recover her commission if by November 1st she produced a purchaser able, ready, and willing to buy upon the terms stated by the defendant. If the defendant could sell through other agents, he could not do so and relieve himself from liability and damages to plaintiff should she by November 1st produce a purchaser for the land ready, able, and willing to purchase the same. Plaintiff on September 28th notified the defendant that she had a purchaser, one Nelson, who would buy the land upon the terms stated by defendant. Nelson's ability and willingness to purchase said land was not questioned. Therefore it must be conceded. The defendant claims that he sold this land to Ethel Grant, just prior to receiving the letter from plaintiff, and that he paid R. A. Grant a commission for making such sale. As before stated, defendant could sell through another agent prior to the expiration of the time allotted to plaintiff in which to make sale of the land, but could not do so without being liable in damages to plaintiff for the amount of her commission agreed upon in case of sale, if she made a sale of the land prior to November 1st. The appellant claims that the defendant sold the land by reason of the telegram having been sent by R. A. Grant to him, stating that Grant would buy the land upon the terms stated in the letter of defendant of September 19th, and the telegram recites the terms. The testimony, however, does not bear out this claim. It is clear from the testimony that the sale was actually made to Ethel Grant, wife of R. A. Grant, and that R. A. Grant received a commission for making such sale, and therefore acted as agent of defendant. If the sale had been made by the defendant, and not through an agent, a different question would arise.

This question, however, is not presented in this case, and therefore needs no further attention.

The defendant knew he had authorized the plaintiff to sell said land any time up to November 1st. He knew that plaintiff was actively engaged in trying to secure a purchaser for said land. He knew that he had in his letter given her an agency to sell such land for a certain time. It is clear that if she produced a purchaser within such time who was ready, able, and willing to comply with the terms of sale of such land, she would have earned and would be entitled to her commission as agreed upon, and this though the land was sold by the defendant through another agent before notice of the sale of the land by the plaintiff. The defendant in the case never at any time revoked the authority of the plaintiff. She therefore had a right to make the sale of the land at the time she made a sale of the land to Nelson. It is competent for the principal to agree that the agent or broker shall have a certain time within which to find a purchaser, and if the broker or agent finds a purchaser who is able, ready, and willing to comply with the terms upon which the property is authorized to be sold by the principal within the time, the principal is liable for the commissions agreed to be paid, even though the property is sold through another agent before notice of the sale by the other authorized agent.

We have considered all the authorities cited by the appellant, and while they to some extent sustain appellant's position they are by no means conclusive upon the questions involved in this case. Where a contract of agency to sell property fixes a definite time in which the agent may sell such property the agent has the whole of said time in which to make the sale. If the principal may, through other agents, sell the property, and not become liable to an agent who has a contract for a definite time to sell the property, and who does sell such property within the time, then such contract for a definite time does not mean what it says.

This is not a contract where the principal has given the authority to different agents for a specified time in which to sell the principal's property; and providing further that whichever agent sells the property first and notifies the principal first will be entitled to the commission. That is not the kind of a contract which we are considering. In the case at bar the plaintiff had a specified time in which to sell the

property for a specified commission. She found a purchaser within the specified time who was ready, able, and willing to buy the land upon the terms stated by the principal. Her right to recover a commission must be governed by the contract made between her and the principal, and by the terms of that contract, having found a purchaser within the time specified, able, ready, and willing to buy the land upon the terms stated by the principal, she had earned her commission even though the principal had, before the sale made by the plaintiff, sold the land through another agent. The contracts made between principal and agent or principal and broker are many, and are of many different kinds, and are extremely varied in terms and meaning. The main duty of the court is to interpret the meaning of the terms of the contract, and state the legal effect of such terms. The error of the court, if any, in its instructions, was harmless. The appeal presents no reversible error.

The judgment is affirmed, with costs.

ROBINSON, J. I concur in result only.

BIRDZELL, J. I concur in the affirmance of the judgment for the reason that there appears to be no evidence from which it could have been found that the plaintiff knew the land was sold at the time her purchaser was supplied.